THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of DOMINICK NICOLETTI, Plaintiff, *v.* LOUIS GARGIULO, Defendant.

City Magistrates' Court of New York, Borough of Brooklyn, Eighth District, June 18, 1937.

*William F. X. Geoghan*, District Attorney [*Nicholas G. Psaki* of counsel], for the plaintiff.

*Theodore Blatt*, for the defendant.

*Ambrose J. Haddock* and *Abraham P. Chess* [Legal Bureau, Police Department], *amicus curiæ.*

PINTO, C. M. The defendant is charged with a violation of section 982 of the Penal Law which reads as follows:

" 1. It is unlawful

" (a) to manufacture, own, store, keep, possess, sell, rent, lease, let on shares, lend or give away, transport or expose for sale or lease, or to offer to sell, rent, lease, let on shares, lend or give away, or to permit the operation of, or for any person to permit to be

placed, maintained, used or kept in any room, space or building owned, leased or occupied by him or under his management or control, any slot machine or device as hereinafter defined:

" (b) to make or to permit to be made with any person any agreement with reference to any slot machine or device, as hereinafter defined, pursuant to which the user thereof, as a result of any element of chance or other outcome unpredictable to him, may become entitled to receive any money, credit, allowance, or thing of value or additional chance or right to use such machine or device, or to receive any check, slug, token or memorandum entitling the holder to receive any money, credit, allowance or thing of value.

" 2. Any machine, apparatus or device in a slot machine or device within the provisions of this section if it is one that is adapted, or may readily be converted into one that is adapted, for use in such a way that, as a result of the insertion of any piece of money or coin or other object such machine or device is caused to operate or may be operated, and by reason of any element of chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any piece of money, credit, allowance or thing of value, or any check, slug, token or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance or thing of value, or which may be given in trade, or the user may secure additional chances or rights to use such machine apparatus or device; irrespective of whether it may, apart from any element of chance or unpredictable outcome of such operation, also sell, deliver or present some merchandise, indication of weight, entertainment or other thing of value.

" 3. A person who violates this section is guilty of a misdemeanor."

The facts are uncontradicted. The arresting officer entered the defendant's place of business and found therein a machine commonly known as a pin ball or bagatelle game. A card on the machine indicated that the player upon attaining certain prescribed scores would be entitled to receive a certain number of " points." The police officer read the card and then played the game. After he had inserted several coins in the machine, the police officer obtained a score of seven entitling him to two " points." He called the score to the attention of the defendant who gave him ten cents. Thereupon, the police officer identified himself and placed the defendant under arrest.

Defendant's counsel urges that section 982 of the Penal Law, as amended by chapter 317 of the Laws of 1934, was never intended to apply to the so-called pin ball or bagatelle games. To sustain this point, he has submitted a letter from State Senator Esquirol,

the author of the 1934 amendment to the statute. It is unnecessary to examine into the intent of the Legislature, because the words of the statute are clear and explicit and leave no doubt that they apply to the type of machine here involved. (*Times Amusement Corporation* v. *Moss*, 160 Misc. 930, 935.)

It is further contended by defendant's counsel that the prosecution must fail because of the absence of an express agreement between the defendant and the police officer (the player), pursuant to which the latter would become entitled to receive any money or thing of value.

The court is of the opinion that the evidence in the case makes out just such an agreement declared illegal by paragraph (b) of subdivision 1 of section 982 of the Penal Law. The card on the machine constituted an offer by the defendant to the player that if he succeeded in obtaining a certain prescribed score he would be entitled to certain " points." This offer was accepted when the police officer inserted a coin in the machine and the play began. The agreement was fully executed when the defendant gave the police officer ten cents for the score he made. Under all the circumstances the agreement prohibited by the statute, according to its fair import, was well established.

On the broader aspects of the case, it should be observed that if, as the defendant claims, the amendment of 1934 was not intended to cover pin ball or bagatelle games the interested parties should have sought an amendment to the law, as suggested by Mr. Justice ROSENMAN in the case of *Times Amusement Corporation* v. *Moss* (*supra*). Apparently the Legislature has not been convinced that any error was made in the amendment, because the statute in question remains unchanged. Furthermore, many defendants have been convicted in the Court of Special Sessions under that statute on evidence substantially the same as in this case.

This type of machine is being operated for gambling purposes in many sections of our city. It is quite true that these devices may be used for amusement purposes, but it is a well-known fact that in almost every instance they are instruments for gambling, and that they often draw to the stores where operated an element of unsavory reputation. It is also an alarming thing to note that these games frequently invite young children who can ill-afford to squander the money their parents allow them for their lunches and other expenses. The records of the police department and the Children's Court indicate that in some cases children addicted to this form of gambling are driven to petty thievery in order to obtain the nickels necessary to play these games. It is extremely important that the activities of children be diverted from these gambling

devices if they are to be kept away from paths leading to crime. If a strict enforcement of this statute does nothing else than keep young children from becoming gamblers of the future the best interests of society will be served. While gambling statutes may not prevent adults from gambling, they may at least deter children from acquiring such habits.

Upon all the evidence the court is satisfied that a *prima facie* case has been made out by the People and that the defendant should be held for trial in the Court of Special Sessions.